IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 FEB 28 PM 3:07
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

RICHARD WESTON,
            Plaintiff,

-vs-                                             Case No. A-14-CA-51-SS

WELLS FARGO BANK, N.A.,
            Defendant.

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [#5], Plaintiff Richard Weston's Response [#6], and Defendant's Reply [#7]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

Plaintiff Richard Weston filed this lawsuit in an effort to oppose the foreclosure by Defendant Wells Fargo Bank, N.A. (Wells Fargo), on the property located at 2408 Turtle Mountain Bend, Austin, Travis County, Texas 78748 (the Property). On September 25, 2009, Weston executed a Note and Deed of Trust (collectively, the Loan) in connection with the purchase of the Property. The Deed of Trust lists MERS as nominee for the Lender with the "right to exercise any or all of those interests [granted by Borrower] including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender." Def.'s Mot. to Dismiss [#5-1], Ex. A (Deed of Trust), at 2–4. On May 5, 2011, MERS, as nominee for the original Lender, assigned the Deed of Trust to Wells Fargo (the Assignment). *See id.* [#5-2], Ex. B (Assignment of Deed of Trust).

Weston defaulted on the Loan. Weston alleges he sought a Loan modification under the HAMP program, but Wells Fargo denied his application. Wells Fargo appointed a substitute trustee and posted a notice of foreclosure sale to occur in January 2014. Weston, though, filed this lawsuit challenging the foreclosure and alleges MERS had no authority to assign the Deed of Trust to Wells Fargo. Further, Weston contends the Assignment, if valid, did not provide Wells Fargo the authority to nonjudicially foreclose on the Property. Weston asserts claims for: (1) declaratory judgment, (2) quiet title, (3) tortious interference with contract, (4) violation of the Texas Debt Collection Act, (5) violation of the Texas Civil Practice & Remedies Code, section 12.002, (6) an accounting, and (7) injunctive relief.

On February 4, 2014, Wells Fargo filed this motion to dismiss, Weston responded, and Wells Fargo replied. The Court now addresses the motion to dismiss.

## Analysis

### I. Rule 12(b)(6)—Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In deciding a motion to dismiss under 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). However, a court is not bound to accept legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory

allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a plaintiff's factual allegations need not establish the defendant is probably liable, they must establish more than a "sheer possibility" that a defendant has acted unlawfully. *Id.* Determining plausibility is a "context-specific task," that must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. In deciding a motion to dismiss, courts may consider the complaint, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, such as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## II.   Application

After reviewing Weston's legal arguments, they are simply not supported by the case law. All of Weston's claims are dependent upon either who was the holder of the Note or challenges to the assignments. Because the holder of the Note is not relevant and because Weston cannot bring such a challenge to the Assignment, his individual causes of action fail to state claims.

### A.   Weston's Argument Concerning the Note

Weston argues the original promissory note was made payable to Primelending, and "no other defendant was party to the promissory note nor authorized to collect on such note." Not. of Removal [#1-1], Ex. A (Orig. Pet.), ¶ 5–6. Furthermore, Weston contends, "[t]he note has not been

assigned ever by information and belief," and "[a]s the note has never been assigned, no debt passed. Any attempt at foreclosure by anyone other than the original note holder is void." *Id.*, ¶ 23.

Weston's arguments concerning who was the holder of the Note and who can enforce the Note miss the mark. Wells Fargo is attempting to carry out non-judicial foreclosure proceedings under the Deed of Trust, and the Deed of Trust is the relevant instrument in this case, not the Note. The parties' relationship to the Deed of Trust is the relevant inquiry when determining the authority to foreclose. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253–56 (5th Cir. 2013).

In addition, Weston's contention the holder of the note is the only individual with standing to foreclose flies in the face of the Texas statutes governing foreclosure under a deed of trust. Texas law allows a mortgage servicer to administer the foreclosure of property on behalf of a mortgagee—a term which is, with one exception, defined solely in terms of ownership of, or a beneficial interest in, a deed of trust. *See* TEX. PROP. CODE §§ 51.0001(4), 51.0025. The single exception is "a book entry system," such as MERS, which is also a mortgagee under Texas law. *See id.* § 51.0001(4)(B). However, even this is not truly an exception, as "book entry system" is itself defined as "a national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns." *Id.* § 51.0001(1). Notably absent in these repeated references to security instruments is any mention of an associated promissory note.

Weston's arguments focusing on the holder of the note are misplaced, and they do not undermine Wells Fargo's ability to carry out a foreclosure under the Deed of Trust.

**B.     Weston's Arguments Concerning Assignment of the Deed of Trust**

Weston challenges MERS's authority to assign the Deed of Trust to Wells Fargo. According to Weston, MERS had no contractual authority under the Deed of Trust to assign the Deed of Trust to Wells Fargo. Therefore, any actions taken by Wells Fargo under the Deed of Trust, i.e. the initiation of foreclosure proceedings, are void.

Weston is incorrect. The Deed of Trust gives the "Lender" authority to appoint a substitute trustee and to invoke the power of sale by non-judicial foreclosure. While Weston is correct the Deed of Trust defines "Lender" as "Primelending" and any holder of the Note who is entitled to receive payments thereunder, the Deed of Trust further provides its covenants and agreements "shall bind . . . and benefit the successors and assigns of Lender." Deed of Trust, ¶ 13. Accordingly, when MERS assigned the Deed of Trust to Wells Fargo, Wells Fargo had the authority to appoint a substitute trustee and to invoke the power of sale by non-judicial foreclosure.

Although Weston argues MERS did not have the authority to assign the Deed of Trust to Wells Fargo, he is incorrect. The Deed of Trust states MERS "has the right to exercise any or all of those interests [granted by Borrower in the Deed of Trust], including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender." *Id.* at 4. Therefore, MERS had the authority to assign to Wells Fargo the Deed of Trust and its rights of "Lender," including the appointment of a substitute trustee and the power of sale by nonjudicial foreclosure. *See id.*, ¶¶ 22, 24.

The Texas Third Court of Appeals has confirmed MERS can assign the Deed of Trust and MERS's assignee can nonjudicially foreclose. *See Bierworth v. BAC Home Loans Servicing, L.P.*, No. 03-11-006444-CV, 2012 WL 3793190 (Tex. App.—Austin Aug. 30, 2012, no pet.). In

*Bierworth*, the plaintiff claimed MERS lacked legal authority to assign the note, the assignment from MERS to BAC bifurcated the note from the deed of trust, making the deed of trust null and void, and BAC was not a holder in due course with a right to foreclose. *Id.* at *1. The deed of trust gave the "Lender" the right to foreclose and sell the property, and MERS, as nominee, had the right to exercise any interests granted to the Lender. *Id.* MERS assigned the deed of trust to BAC, and the Court concluded the Lender's rights include the right of assignment, and therefore BAC, as MERS's assignee, "was entitled to pursue nonjudicial foreclosure under the terms of the deed of trust." *Id.* at *6.

In addition, the Fifth Circuit has recently addressed very similar arguments regarding challenges to assignments and rejected them. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220 (5th Cir. 2013). In short, the assignment was between MERS and Wells Fargo, not Weston, and to the extent any of Weston's allegations as to fraudulent assignment are true, they merely make the assignment voidable, not void. Consequently, he cannot challenge this assignment. In *Reinagel*, the Fifth Circuit confirmed: "Though 'the law is settled' in Texas that an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground that merely renders the assignment voidable at the election of the assignor, Texas courts follow the majority rule that the obligor *may* defend 'on any ground which renders the assignment void.'" *Id.* at 225 (citations omitted). In other words, an obligor cannot defend against an assignee's efforts to enforce the obligation on a ground which merely renders the assignment voidable at the election of the assignor. *Id.* In the instant case, the only parties to the assignment were MERS and Wells Fargo. And Weston's assertions, if true, would only make the assignment voidable, not void. *See id.* at 227. Therefore, Weston cannot challenge the assignment at issue in this case.

C. **Weston's Arguments Concerning the National Mortgage Settlement**

Weston asserts Wells Fargo committed "dual-tracking" in violation of the "National Mortgage Settlement." Orig. Pet., ¶ 15. As an initial matter, not one of Weston's claims is actually based on this factual assertion. Nevertheless, any claim he did bring based on this assertion would fail.

Weston is referring to the "Settlement Term Sheet" attached as Exhibit A to the "Consent Judgment" between Wells Fargo, on the one hand, and the United States, forty-nine States, and the District of Columbia, on the other hand. *See generally* Cause No. 1:12-cv-00361-RMC, Docs. 14 & 14-1 (D.D.C. Apr. 4, 2012). As a matter of law, however, no private right of action was created by the Consent Judgment. *See Reynolds v. Bank of Am., N.A.*, No. 3:12-CV-1420-L, 2013 WL 1904090, at *10 (N.D. Tex. May 8, 2013); *Owens v. Bank of Am., N.A.*, No. H-11-2552, 2012 WL 912721, at *3 (S.D. Tex. Mar. 16, 2012). In addition, the Enforcement Terms of the Consent Judgment provide for enforcement only by a party to the Consent Judgment or a monitoring committee. *See* Cause No. 1:12-cv-00361-RMC, Doc. 14-1, Ex. E ¶ J.2 (D.D.C. Apr. 4, 2012). Weston is neither and therefore cannot enforce the terms of the Consent Judgment. *See Shatteen v. JP Morgan Chase Bank, N.A.*, 519 F. App'x 320, 321 (5th Cir. 2013) (unpublished) ("[Plaintiff] has no standing to enforce consent decrees to which she is not a party.").

D. **Weston's Arguments Concerning the HAMP Guidelines**

Weston also asserts Wells Fargo's denial of his application for a Loan modification violated the requirements of the Home Affordability Modification Program (HAMP). *See* Orig. Pet., ¶ 15–18. As an initial matter, not one of Weston's claims is actually based on this factual assertion. Nevertheless, any claim he did bring based on this assertion would fail.

HAMP does not create an express or implied private cause of action for borrowers against mortgagors or loan servicers. *See Miller v. Chase Home Fin., L.L.C.*, 677 F.3d 1113, 1116–17 (11th Cir. 2012). Therefore, Weston cannot assert any claims against Wells Fargo based on whether it complied with HAMP. *See Kew v. Bank of Am., N.A.*, No. H-11-2824, 2012 WL 5832354, at *5 (S.D. Tex. Nov. 16, 2012) ("The law is clear that there is no private cause of action under HAMP.").

## Conclusion

As discussed above, Weston's legal arguments are not supported by case law. Consequently, his causes of action fail, and he is not entitled to any of his requested relief.

Accordingly,

IT IS ORDERED that Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [#5] is GRANTED;

IT IS FURTHER ORDERED that all of Plaintiff Richard Weston's claims against Defendant Wells Fargo Bank, N.A., are DISMISSED WITHOUT PREJUDICE;

IT IS FINALLY ORDERED that Plaintiff Richard Weston shall have TWENTY (20) days to file an amended complaint, if any, or this case will be closed.

SIGNED this the 28th day of February 2014.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE